WILLIAMS, Judge,
dissenting.
There is no dispute that defendants failed to terminate the agreement. There also is, however, no evidence that plaintiff continued in possession of premises in such a manner so as to sustain a lessor/lessee relationship. Occupancy alone does not necessarily indicate such a relationship. Groghan v. Billingsley, 313 So.2d 255, 258 (La.App. 4th Cir.1975). Because the lessor/lessee relationship can be implied from payment of rent, the non-payment certainly would indicate a rejection of the relationship by the lessee. See Shear v. Karno, 150 So.2d 916 (La.App. 4th Cir.1963).
Plaintiffs’ failure to pay rent, coupled with defendant’s silence as to reconduction, seem to me to show that none of the legal requisites for proving that a valid lease exist. Groghan, supra.
*260 I would hold that plaintiffs failed to sustain their burden of proving reconduction. Talambas v. Louisiana St. Bd. of Education, 401 So.2d 1051 (La.App. 3rd Cir.1981).
Furthermore, I find plaintiff’s reliance upon the St. Julien doctrine to be unsupported in light of their assertion that work (digging of canals) had taken place on the property.